UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUDRUNATH RAMKUMAR,

    Plaintiff,

v.                                  Case No: 6:17-cv-1438-Orl-41TBS

COMPANION ANIMAL PRODUCTS, INC.
and TERENCE L. MCGLASHAN,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal (Doc. 30). Upon due consideration, I respectfully recommend that the motion be granted and the parties' settlement agreement be approved, with some deletions.

### I. Background

On August 4, 2017, Plaintiff Rudrunath Ramkumar sued his former employer, Companion Animal Products, Inc. d/b/a C.A.P., Inc., a Foreign Profit Corporation, and Terence L. McGlashan ("Defendants") for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq* (Doc. 1). According to Plaintiff, Defendants "[handled, sold, and worked] on goods or materials that have been moved in or produced for such commerce (i.e. marble, redwood, alder, mahogany, etc. to build, install and refurbish urns, computers, office equipment, paper vehicles)." (Id. at 1, ¶ 18). Plaintiff alleges he worked for Defendants from January 2011 through January 12, 2017 as a technician who serviced and repaired crematoriums (Id. at 4, ¶ 22). Plaintiff claims that at various times during his employment he worked in excess of forty (40) hours per

week and that on average, he worked approximately 46 hours per week (Id. at ¶¶ 25-26). Plaintiff asserts that Defendants failed or refused to properly compensate him at the rate established by the FLSA (Id. at ¶ 29). Defendants denied all of Plaintiff's allegations and interpose thirteen (13) affirmative defenses, including a defense that they offset Plaintiff's overtime pay by paying him for travel hours and work related travel expenses (Doc. 11). The parties compromised and settled this case at a magistrate judge settlement conference conducted by Judge Gregory Kelly (Doc. 30). The parties' agreement is now before the Court for review, pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the

[FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, 679 F.2d at 1354-55. If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the

following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) and Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

### III. Discussion

#### A. Settlement Sum

The parties have agreed to settle Plaintiff's claim for a total of $10,000, half of which is to be paid to Plaintiff's counsel (Doc. 30 at 3; Doc. 30-1 at 1). The money will be disbursed as follows: $2,250 representing unpaid wages, $2,250 representing liquidated damages, $500 in exchange for a general release and $5,000 for attorney's fees and costs. (Doc. 30-1 at 1). In his answers to the Court's interrogatories, Plaintiff said he

believed he was entitled to $5,663.92 in unpaid overtime, plus an equal amount in liquidated damages (Doc. 19-1 at 2). Like most settlements, this one is driven by the facts and the parties are much better informed than the Court is about the facts. The parties settled this case at a magistrate judge settlement conference, no badges of fraud or overreaching are apparent, and the parties are represented by experienced attorneys. Therefore, I see no reason to question the parties' judgment and find that the settlement amounts are reasonable.

### B. Beneficiaries of the Settlement Agreement

The term "Defendants" is defined broadly in the settlement agreement and "includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs." (Doc. 30-1 at 1). These non-parties are not identified, they have not signed the agreement, and no reason has been provided for their inclusion in the settlement which includes a general release. See Arguelles v. Noor Baig, Inc., Case No. 6:16-cv-2024-Orl-37TBS, 2017 U.S. Dist. LEXIS 26024 (M.D. Fla. Feb. 24, 2017). Consequently, this sentence fails judicial scrutiny. I respectfully recommend that the district court employ the severability clause[1] in the settlement agreement and delete the quoted language from the agreement.

---

[1] The severability clause provides:

> Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

(Doc. 30-1 at 2-3).

### C. Release

The settlement agreement includes a general release of Defendants by Plaintiff (Doc. 30-1 at 2). General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno, 729 F. Supp. 2d at 1351-52. Therefore, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352. But, a settlement agreement that provides a plaintiff with independent, valuable consideration in exchange for a general release may be accepted by the Court. See Kingsley v. Noonan, No. 6:12-cv-500, 2012 WL 3151572, at 1-2 (M.D. Fla. Aug. 2, 2012); see also Pavlosky v. Winghouse XI, LLC, Case No. 6:12-cv-1711, 2014 U.S. Dist. LEXIS 56436, at *4-5 (M.D. Fla. April 22, 2014). As this Court explained in Capers v. Noah's Ark Repair Serv., Inc.,

> [A]n FLSA settlement that contains a pervasive release or which restricts a Plaintiff's First Amendment rights will typically not survive judicial scrutiny. But, in this circumstance both the release and non-disparagement clause are mutual, and thus also confer a benefit upon Plaintiff. Accordingly, I find that the Agreement does not confer an "uncompensated, unevaluated, and unfair benefit on the employer," and is a fair compromise.

No. 6:11-cv-457-Orl-28TBS, 2013 WL 3153974, at * (M.D. Fla. June 19, 2013) (internal citations omitted). Defendants have agreed to pay Plaintiff $500 in exchange for the general release (Doc. 30 at 3). Because the release is supported by meaningful consideration that is separate and apart from the settlement sum, I respectfully recommend that the district court approve the general release contained in the agreement.

### D. Confidentiality Clause

District courts within the Eleventh Circuit have uniformly rejected confidentiality provisions in FLSA settlement agreements, finding them to be in contravention to the purpose of the FLSA. Dees, 706 F. Supp. 2d at 1242-43 ("A confidentially provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights ... The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); see also Saunders v. Daytona Beach Kennel Club, Inc., Case No: 6:11-cv-1117-Orl-TBS, 2012 U.S. Dist. LEXIS 104773, at *4-5 (M.D. Fla. July 27, 2012); Hogan v. Allstate Bev. Co., 821 F. Supp. 2d 1274, 1282 (M.D. Fla. 2011) ("[The] court finds that the purported settlement's confidentiality provision and its pervasive waiver are unfair under the FLSA."); Valdez, 2010 U.S. Dist. LEXIS 47952, at * 3-4.

Paragraph 5 of the settlement agreement contains a confidentiality clause that essentially prohibits Plaintiff from disclosing any information about the lawsuit to anyone other than his spouse or tax preparers (Doc. 30-1 at 2, ¶ 5). This clause places a prior restraint on Plaintiff's ability to speak freely about the case, which contravenes public policy and the protections of the First Amendment. Pursuant to the principles outlined in Dees, Saunders, Hogan, and Valdez, I respectfully recommend that the district court employ the severability clause[2] to delete this sentence from the agreement.

### E. Attorney's Fees

The parties represent that the $5,000 in attorney's fees and costs to be paid to Plaintiff's counsel, was negotiated separately from Plaintiff's recovery and without regard

---

[2] (Doc. 30-1 at 2-3).

to the amount of the settlement sum. (Doc. 30 at 3). This is sufficient to establish the reasonableness of the fee and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### F.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district court **sever and delete** the objectionable portions of the settlement agreement, as discussed herein, and **grant** the parties' joint Motion for Approval of Settlement (Doc. 30).

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record